JUDGE BRICCETTI

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

# 12 CIV 4282

------------------------------------------------------------------

HILDA L, SOLIS, Secretary of Labor,
United States Department of Labor,

               Plaintiff,

        v.

SERKLAN, INC., A Corporation;
YONG HEE LEE, Individually, and as President,

              Defendants.

             :
             :
             :
             :
             :

Civil Action

File No.

COMPLAINT

------------------------------------------------------------------

Plaintiff HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, brings this action under Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. §201, et seq.), ("the Act"), alleging that defendants violated sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Act.

## I

Jurisdiction of this action is conferred upon the Court by section 17 of the Act and 28 U.S.C. sections 1331 and 1345.

## II

Defendant SERKLAN, INC. is a corporation duly organized under the laws of New York having its principal office and place of business at 137 School Street, Yonkers, NY 10701, within the jurisdiction of this court, where defendant has been engaged in the commercial dry cleaning business.

## III

The defendant corporation regulates the employment of all persons it employs, acts directly

and indirectly in the corporation's interest in relation to the employees, and is thus an employer of the employees within the meaning of section 3(d) of the Act.

IV

Defendant YONG HEE LEE, who does business at 137 School Street, Yonkers, NY 10701, within the jurisdiction of this court, is the President of the defendant corporation, in active control and management of the defendant corporation, regulates the employment of persons employed by the defendant corporation, acts directly and indirectly in the interest of the defendant corporation in relation to the employees, and is thus an employer of the employees within the meaning of section 3(d) of the Act.

V

Defendants employ employees at their places of business in the activities of an enterprise engaged in commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.  The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00.  Therefore, the employees are employed in an enterprise engaged in commerce within the meaning of section 3(s)(1)(A) of the Act.

VI

Defendants willfully and repeatedly have violated and are continuing to violate the provisions of sections 6 and 15(a)(2) of the Act by paying many of their employees wages at rates less than the applicable statutory minimum rate prescribed in section 6 of the Act, and thus, defendants are liable for unpaid minimum wage compensation owing to their employees under Section 6 of the Act and an additional equal amount as liquidated damages pursuant to section 16(c) of the Act, or in the event liquidated damages are not awarded, minimum wage

2

compensation and prejudgment interest on said minimum wage compensation under section 17 of the Act.

VII

Defendants willfully and repeatedly have violated and are continuing to violate  the provisions of sections 7 and 15(a)(2) of the Act by employing many of their employees for workweeks longer than those prescribed in section 7 of the Act without compensating the employees for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed.  Therefore, defendants are liable for unpaid overtime compensation and an equal amount in liquidated damages under section 16(c) of the Act or, in the event liquidated damages are not awarded, unpaid overtime compensation and prejudgment interest on said unpaid overtime compensation under section 17 of the Act.

VIII

Defendants willfully and repeatedly have violated and are continuing to violate the provisions of sections 11(c) and 15(a)(5) of the Act, in that defendants failed to make, keep, and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions of employment which they maintained as prescribed by the Regulations issued and found at 29 CFR Part 516; more specifically, Defendants failed to keep records of hours worked by employees.

IX

Defendants willfully and repeatedly have violated the provisions of the Act as alleged above since at least May 13, 2009.

3

WHEREFORE, cause having been shown, plaintiff prays for judgment against Defendants providing the following relief:

(1)     For an injunction issued pursuant to Section 17 of the Act permanently restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendant, from violating the provisions of sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Act; and

(2)     For an order pursuant to section (16)(c) of the Act finding defendants liable for unpaid minimum wage and overtime compensation found due defendants' employees listed on the attached Exhibit A and an equal amount of liquidated damages (additional unpaid minimum wage, overtime compensation, and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this Complaint);

(3) In the event liquidated damages are not awarded, for an injunction issued pursuant to section 17 of the Act restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of minimum wage and unpaid overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. §6621; and

(4)     For an order awarding plaintiff the costs, fees and other expenses of this action; and

(5)     For an order granting such other and further relief as may be necessary and appropriate.

4

DATED:     May 30, 2012
             New York, New York


M. PATRICIA SMITH
Solicitor of Labor


PATRICIA M. RODENHAUSEN
Regional Solicitor


HAROLD W. LEMAR
Senior Trial Attorney


U.S. Department of Labor,
Attorneys for Plaintiff.


POST OFFICE ADDRESS:

Patricia M. Rodenhausen
Regional Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York 10014
Tel. 646-264-3673

| |
|---|
| ALBINO BRITOS |
| SILVIA CASTELAN |
| WENDY DE LEON |
| ENES DOE |
| IRENE DOE |
| LUIS DOE |
| MARIA DOE |
| OLIVIA DOE |
| SENAIDA DOE |
| VIVIANA DOE |
| MARIA FERNANDEZ |
| CEVERIANO GAUILIAN |
| ARACELIS CRUZ GONZALEZ |
| DANIEL PENA GONZALEZ |
| JORGE HERNANDEZ |
| MARIA LOPEZ |
| ARACELYS MANUEL |
| BEATRIZ MANUEL |
| LORENA MANUEL MARTINEZ |
| MATIAS MARTINEZ |
| MERIAT MARTINEZ |
| VEPSAIBE MATILDE |
| HILDA MELENDEZ MEJIA |
| BEATRIZ MORALES |
| EMILIO MIGUEL MORALES |
| VERONICA MORAN |
| JAIME PERAL |
| LUIS PEREZ |
| KARINA SEGUNDO |
| GUADALUPE TAPIA |
| SALVADOR VELASCO |
| JOSE ALBERTO VILLANUEVA |
| MARTA VILORIO |

**EXHIBIT A**